EXHIBIT 3

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- x
ANTHONY ZAPPIN,

               Plaintiff,

        - against -

CLAIRE COMFORT,

               Defendant.
-------------------------------------------------------------- x

STATE OF NEW YORK     )
                   : ss
COUNTY OF NEW YORK  )

Index No. 301568/14

**OPPOSITION AFFIDAVIT
OF ANTHONY ZAPPIN**

Mot. Seq. #21

**RECEIVED**

**SEP 0 1 2015**

**PART 51**

ANTHONY ZAPPIN, being duly sworn, deposes and says:

1.    I submit this affidavit and exhibits attached hereto in opposition to Harriet
Cohen's August 18, 2015 Order to Show Cause seeking damages and other relief on behalf of
Dr. Aaron Metrikin. I respectfully request that the Court deny Ms. Cohen's applications entirely.

## I.   BACKGROUND

2.    Since November 20, 2013 – two (2) years by the commencement of trial – I have
been subject to supervised visitation without ever having been afforded a hearing or fact-finding
on the issue. This unlawful state of affairs has continued despite 22 months of continuous
excellent reports from two different third-party supervisory agencies. And, it has continued
despite the fact that supervised access has been demanded based on demonstrably falsified
allegations of domestic abuse. Even if the allegations were true – which they are categorically
not – they do not justify the punishment of continuing supervised access for two (2) years
without a hearing as no allegation has ever been made that I have endangered or harmed ███.

3.      Contrary to this Court's assertions that I am litigating this case to somehow hurt Ms. Comfort, my sole motive has been – and will continue to be – to cause this unlawfully imposed supervised supervision to cease, which Ms. Comfort has used to create an unnatural parenting relationship ▮▮▮ and myself to her own advantage. With all due respect to this Court, the contention that I have prolonged this case and delayed a hearing on the matter – apparently as part of some ill-intended scheme to hurt Ms. Comfort – is false. It is a mystery to me why I would want to delay resolution of this matter given that the current status quo prevents me from spending any substantial or meaningful time with my only child in addition to causing me to spend between $5,500 and $6,500 a month in supervised visitation costs.

4.      It bears reminding that this unlawful and shameful set of circumstances was allowed to continue and amplified to the levels we are at today by a judge, Justice Deborah Kaplan, whose career was effectively brought to an end as a result of her gross misconduct in this case. On April 24, 2015, Justice Kaplan orchestrated and directed an unprovoked assault on me in her own courtroom and adjacent hallway. As a result of the attack, I was forced to file an action in the Court of Claims, which was served on the Attorney General on May 7, 2015. (*See* Ex. A, Apr. 28, 2015 *Zappin v. State of New York* Claim.) The Attorney General subsequently confirmed that Justice Kaplan was "reassigned" to a "Coordinating Judge" position as a result of her misconduct in this litigation.

5.      After Justice Kaplan was effectively removed from the bench in May 2015, this matter was transferred to Justice Matthew Cooper on May 22, 2015 under highly irregular circumstances. It was one of the first, if not the first, case transferred from Justice Kaplan's docket. (*See* Ex. B, Spreadsheet of Justice Kaplan's Reassigned Cases.) ***Out of over 120 cases transferred from Justice Kaplan's docket, the above-captioned matter was the only case***

2

***transferred to Justice Cooper.***[1]  Neither this Court, nor the Office of Court Administration, have provided a meaningful explanation as to why or how this matter was chosen to be transferred to Justice Cooper rather than Justice Nervo, who was assigned nearly all of Justice Kaplan's cases.

6.      The explanation for this unlawful and highly irregular assignment, however, is clear:  Justice Cooper was assigned in retaliation as a result of Justice Kaplan's effective removal from the bench.  Since unlawfully taking over this case on July 22, 2015, Justice Cooper has attacked me personally and impugned my character and integrity relentlessly, going so far as to endanger my legal career by threatening to file disciplinary charges and gratuitously mentioning the name of my employer on the record and in various court orders.  I would ask that this Court consider whether destroying my ability to make a living would be in the best interests of ▇ the 2-year old little boy in question.

7.      Finally, I would note that in this Court's haste to portray all my actions as lacking merit, Justice Cooper overruled Judge Carol Goldstein of the New York County Family Court – a judge extremely familiar with this family – even after she heard testimony and saw evidence that Ms. Comfort accosted me and harassed me for months.  In attempting to resurrect the career of his college Justice Kaplan, Justice Cooper regrettably slighted another.  In my opinion, Justice Cooper's characterization of Judge Goldstein's order as "farcical on its face" is unfortunate.

## II.     MS. COHEN REQUESTED IS PREMATURE AT BEST

8.      I spoke with the Office of Professional Medical Conduct ("OPMC") on August 27, 2015.  The OPMC stated that it would be another 8-10 weeks before the complaint against Dr. Metrikin is even reviewed.  Pursuant to Section 230(10) of New York's Public Health Law,

---

[1] Aside from a single matter reassigned back to Justice Ellen Gesmer and a stayed matter assigned to Justice Laura Drager, no other cases were assigned to existing matrimonial judges.

the OPMC has the discretion to take various actions, including no action at all. Accordingly, until the complaint against Dr. Metrikin is reviewed by the OPMC, any requested relief by on his behalf is premature and not ripe.

## III.   SHORT OF HOLDING A JURY TRIAL, THIS COURT LACKS JURISDICTION TO GRANT MS. COHEN'S REQUEST FOR DAMAGES

9.     In her motion, Ms. Cohen requests that I be ordered to pay Dr. Metrikin's "legal fees" and his "lost billable time." (Aug. 17, 2015 Cohen Aff. at ¶ 17.) Thus, in effect, Ms. Cohen is requesting that the Court award damages to Dr. Metrikin. However, she fails to cite any legal authority for this Court to make such an order.

10.     Section 230(11)(b) of the New York Public Health Law provides that: "Any person … who reports or provides information to the board in good faith, and without malice shall not be subject to an action for civil damages or other relief as a result of such report." Accordingly, my complaint against Dr. Metrikin is entitled to qualified immunity. *See Kirell v. Vytra Health Plans Long Island*, 29 A.D.3d 638, 639 (2nd Dept. 2006).

11.     In order to pierce the qualified immunity, Ms. Cohen would need to show "bad faith" beyond the mere "conclusory allegations of malice" that are contained in Ms. Cohen's affirmation. *See id.* Indeed, she does not even address, let alone attempt to refute, the substance of my complaint against Dr. Metrikin to the OPMC. These allegations are limited to the facts that Dr. Metrikin: (i) has committed malpractice by attempting to peer review a child custody report without having any relevant experience; (ii) he is committing fraud by engaging in fee gauging at an unreasonable rate of $700 per hour; and (iii) he committed misconduct by submitting a fraudulent bill to me.

12.     This is all academic, however, because the issue of whether my qualified immunity should be pierced is not for this Court to decide. Rather, in order to grant Ms. Cohen's

4

requested relief for damages, this Court would be required to empanel a jury to make a determination of that issue. Short of that, this Court lacks any authority to grant "legal fees" and "lost billable time" to Dr. Metrikin.

13.     In passing I note that Ms. Cohen has made absolutely no showing that Dr. Metrikin has incurred any damages. Her application strikingly lacks any affidavit from Dr. Metrikin. Even so, Ms. Cohen does not affirm that he has incurred any legal fees as a result of my complaint against him to the OPMC. In fact, Dr. Metrikin's medical malpractice insurer would need to be notified and would be the proper entity to request legal fees from me. To that same end, Ms. Cohen makes no showing that Dr. Metrikin has suffered any "lost billable time." Simply put, Ms. Cohen has failed to show any damages whatsoever.

## IV.     MS. COHEN SHOULD BE ENJOINED FROM RELEASING SEALED RECORDS

14.     Pursuant to DRL 235, the record in this matter is confidential and prevents the disseminating information contained therein unless done so by a party. Ms. Cohen is not a party to this action. Thus, in order for this Court to permit Ms. Cohen to release any records from this proceeding to the OPMC, she must show that the "evidence contained in the records … is both significant and relevant to a separate proceeding …." *People v. Malaty*, 4 Misc. 3d 525, 529 (Sup. Ct. Kings Cnty. June 4, 2004) (*citing Janecka v. Casey*, 121 A.D.3d 28 (1st Dept. 1986)).

15.     On its face, Ms. Cohen's request to release records in this proceeding to the OPMC fails because there is no "separate proceeding." As stated above, the OPMC will not even review the complaint against Dr. Metrikin for 8-10 weeks. Until such time an actual investigation is initiated against Dr. Metrikin, such a request for a release of the records in this proceeding at the very least premature.

5

16. Moreover, Ms. Cohen has failed to make any showing that the requested disclosure to the OPMC is "significant and relevant" to any potential investigation against Dr. Metrikin. The papers she requests be released have nothing to do with Dr. Metrikin's conduct in this proceeding and would therefore be irrelevant to an OPMC investigation against Dr. Metrikin.[2] Ms. Cohen has not her burden that disclosure of the requested records are necessary. Thus, the Court must deny Ms. Cohen's request for permission to release portions of the record in this matter.

## V. CONCLUSION

17. For the foregoing reasons, I respectfully request that Ms. Cohen's application be denied in its entirety.

Dated:        September 1, 2015
              New York, NY                          ANTHONY ZAPPIN

Sworn to before me this
1st day of September, 2015

Notary Public

Johnny M. Padilla
Notary Public, State of New York
No. 01PA6293982
Qualified in New York County
Commission Expire December 16th, 2017

---

[2] Notably missing from the list of proposed disclosure is any briefing on Mot. Seq. 12, which outlines Dr. Metrikin's misconduct and malpractice in my affidavits.

6

# EXHIBIT A

STATE OF NEW YORK
COURT OF CLAIMS

------------------------------------------------------------x

ANTHONY ZAPPIN,

              Claimant,

      - against -

STATE OF NEW YORK,

              Defendant.

------------------------------------------------------------x

Claim No. _____

**CLAIM**

1.    Claimant Anthony Zappin ("Claimant") resides at 194 W. 10th Street Apt. D1, New York, NY 10014.

2.    Claimant asserts the following claims:

- Assault & Battery;

- False Arrest/Imprisonment; and

- Civil Conspiracy to Commit Assault & Battery and False Arrest/Imprisonment.

3.    The claims accrued on April 24, 2015 on or about 4:45 p.m. in and around Courtroom 540 at the Courthouse at 60 Centre Street, New York, NY 10007.

4.    The claims arise out of the matters *Anthony Zappin v. Claire Comfort*, Index No. 301568/14 and *People of the State of New York Ex. Rel. Anthony Zappin on Behalf of ▮ Zappin, an Infant, v. Claire Comfort*, Index No. 350075/14 pending in New York County Supreme Court before the Honorable Deborah A. Kaplan, J.S.C. ("Justice Kaplan").

## FACTUAL ALLEGATIONS

### Background

5.     On April 24, 2015, Justice Kaplan held a status conference in Courtroom 540 to discuss the matters referenced above.

6.     These matters have been before Justice Kaplan since at least on or about February 11, 2014. Other than with respect to Justice Kaplan herself (see below), for these past 15 months Claimant has always had extremely pleasant interactions with all court personnel, including, and most especially, Officer Jeffrey Katz ("Officer Katz"), Justice Kaplan's court officer. During numerous prior proceedings and appearances in Justice Kaplan's courtroom, Claimant and Officer Katz have engaged in casual and sometimes lengthy conversations. Indeed, Claimant and Officer Katz have often went out of their way to chat with each other. Claimant has also had lengthy and friendly conversations with Justice Kaplan's Attorney Advisor Andrew Coyle and Justice Kaplan's Part Clerk Ira Liffman.

7.     At no time in the past 15 months has Claimant ever been accused of causing a disturbance of any kind in the courtroom or surrounding areas, raising his voice, being agitated in any manner or constituting a threat in any form whatsoever to anyone while in the courtroom or the courthouse generally.

8.     In contrast to her court personnel, Justice Kaplan has exhibited an extreme personal antipathy towards Claimant.

9.     On information and belief, this antipathy first arose in earnest when Claimant filed an Article 78 proceeding against Justice Kaplan in order to force Justice Kaplan to hold a *pendente lite* custody and access hearing for Claimant's infant son. The

2

Article 78 proceeding was settled out of court pursuant to a stipulation between Claimant and the Attorney General's office. However, the First Department's dismissal of the Article 78 proceeding pursuant to that stipulation was published in the New York Law Journal. Justice Kaplan's animus towards Claimant appeared to intensify after the publication.

10. Justice Kaplan retaliated against Claimant by, *inter alia*, issuing an Order dated February 27, 2015 in which she repeatedly referenced a recent conviction of Claimant's mother for embezzlement in West Virginia. There was no issue of any kind pending before Justice Kaplan that involved Claimant's mother, either directly or indirectly.

11. At a hearing on March 3, 2015, Claimant informed Justice Kaplan that he was deeply hurt by these attacks on his mother and noted that the attacks were particularly inexplicable and insensitive given the criminal history of her own father.

12. Upon information and belief, Justice Kaplan retaliated against Claimant for his remarks about her father by contacting the West Virginia State Parole Board to recommend that Claimant's mother (who is currently incarcerated in West Virginia) be denied early parole. Upon information and belief, Officer Katz's actions referenced herein were the result of further retaliation by Justice Kaplan for Claimant's remarks about her father, as well as for the Article 78 proceeding.

### The April 24, 2015 Conference

13. The following individuals attended the April 24, 2015 conference: Defendant/Respondent Claire Comfort, Justice Kaplan, Attorney Advisor Andrew Coyle, Attorney Advisor Joan Levenson, Officer Katz, Harriet Cohen, Robert Wallack, Brittney

Hershkowitz, Lara Ott, a court reporter and Claimant. Part Clerk Liffman was also in the courtroom.

14.     During the conference, Justice Kaplan prohibited the parties (myself and Ms. Comfort) from sitting at counsels' table despite the conference taking place on the record. Prior to this time, Justice Kaplan had always permitted, and indeed required, the parties to sit at counsels' table. As a result, Claimant's counsel was forced to go "off-the-record" repeatedly in order to confer with Claimant who was forced to sit in the gallery approximately 20 feet away from counsel.

15.     At all times until Claimant exited the courtroom (discussed below), Officer Katz stood at his customary location at the jury box near Justice Kaplan approximately 25 feet from Claimant and Ms. Comfort.

16.     At no time did Claimant cause any disturbance in the courtroom, raise his voice in any manner, have any communication, verbal or otherwise, with anyone in the courtroom during the hearing other than his counsel, or act discourteously in any way to anyone in the courtroom.

17.     During the course of the conference, Justice Kaplan disparaged Claimant and his counsel, Ms. Ott, repeatedly. In the face of these repeated disparagements and his inability to confer effectively with his counsel, Claimant left the courtroom and sat outside in the hallway intending to stay there for the remainder of the conference.

18.     While exiting the courtroom, Claimant attempted to exit out of the wrong double door in the courtroom that was static and locked. He then pressed hard on the other opened door, which purportedly "made a loud noise" when he exited the courtroom.

4

19.     Approximately five minutes later, Officer Katz exited the courtroom and approached Claimant.  Officer Katz inquired as to whether Claimant intended to stay in the hallway or to leave the courthouse.  Claimant responded that he intended to remain in the hallway until the proceeding concluded.  He requested that Officer Katz inform his counsel to meet him in the hallway after the proceeding so Claimant and his counsel could leave the courthouse together.  Officer Katz stated that he would so inform counsel.

20.     Approximately 10 minutes after this first encounter, Officer Katz approached Claimant again with Claimant's bag, which Claimant had left in the courtroom.  Claimant thanked Officer Katz for bringing it to him.  Officer Katz informed Claimant that Justice Kaplan was ending the proceeding shortly.  No further conversation took place.

21.     Approximately 10 minutes later, Claimant's counsel approached him in the hallway to discuss the proceeding.  Claimant was then approached by Officer Katz and informed that Justice Kaplan had directed that he be returned to the courtroom.  In compliance with Justice Kaplan's directive, Claimant then returned to the courtroom shortly after conferring with his counsel in the hallway.

22.     Upon returning to the courtroom, Claimant once again sat in the gallery as directed by Justice Kaplan.  Officer Katz stood near the jury box and the parties' counsel were seated at counsels' table.  Justice Kaplan and her Attorney Advisors were not present in the courtroom at this time.

23.     At this point, Justice Kaplan opened the door to her robing room and motioned for Officer Katz to come to her.  Upon entering the robing room, Officer Katz closed the door behind him.  Upon information and belief, Justice Kaplan and Officer

5

Katz engaged in a discussion behind closed doors in the robing room. Justice Kaplan and Officer Katz exited the robing room together, whereafter Justice Kaplan pointed her finger at Claimant while speaking with Officer Katz.

24.     Officer Katz then positioned himself in the gallery less than five feet from Claimant who was sitting in the gallery approximately 20 feet from counsels' table. Thereafter, Justice Kaplan resumed the proceedings on the record.

25.     After resuming the proceeding, Justice Kaplan forced Claimant's counsel to go off-the-record several times in order to confer with Claimant about factual issues. Claimant's only interaction with Officer Katz was handing him handwritten folded notes to pass to counsel.

26.     At the conclusion of the proceeding, Claimant stood up from his position in the first row of the gallery and took approximately one step forward next to the bar to wait for counsel while she gathered her papers. Ms. Comfort and her counsel were on the other side of the courtroom approximately 30 feet away.

27.     Justice Kaplan looked at Officer Katz and nodded at him before leaving counsels' table, where she had been sitting, to go to the Part Clerk's desk.

28.     Immediately thereafter, Officer Katz shoved Claimant in Claimant's back causing him to stumble forward. Officer Katz stated: "Move to the front." He then grabbed and twisted Claimant's left arm with extreme force and pulled Claimant to the front of the courtroom near the judge's podium and door to the jury room/hallway (the "side hallway"). At no time did Claimant resist or say anything to Officer Katz.

29.     Officer Katz stopped at the door near the jury box. He opened the door and pushed Claimant through it into the side hallway, which is a small contained area.

6

After the door shut, Officer Katz locked the door behind him. Officer Katz grabbed Claimant and slammed Claimant against the wall.

30.     As a result of the above-referenced actions by Officer Katz, Claimant suffered bruising and swelling to his hip, ribs and arm as well as large cuts to his elbow. These injuries are depicted in the photographs attached hereto as **EXHIBIT A**.

31.     Officer Katz then proceeded to press his hand against Claimant's chest restraining Claimant against the wall. At no time did Claimant resist. During this time, Officer Katz refused to permit Claimant to leave the side hallway and kept his hand continuously pressed against Claimant's chest. While Officer Katz detained Claimant in this side hallway against Claimant's will, Officer Katz refused Claimant's repeated requests that Officer Katz remove his hand from Claimant's chest and that Claimant be permitted to leave the side hallway. Officer Katz also refused Claimant's multiple requests to permit Claimant to use Claimant's cell phone or to speak with his counsel.

32.     Officer Katz detained Claimant in the side hallway for approximately 20 minutes keeping Claimant pinned against the wall and pressing his hand against Claimant's chest for the entire period of time. Other than making the requests referenced above, which Claimant made in a calm and polite manner, Claimant did not react in any other way.

33.     After approximately 20 minutes, Officer Katz unlocked the door and allowed Claimant's counsel into the side hallway. Upon Officer Katz opening the door, Justice Kaplan was still in the courtroom and was observed staring in the direction of Claimant. Officer Katz refused to allow Claimant and his counsel to leave through the

7

normal hallway and elevators and instead escorted Claimant and his counsel down
several flights of stairs and out the back of the courthouse.

## CLAIM I – ASSAULT & BATTERY

34.     Claimant re-alleges and incorporates by reference paragraphs 1-33 of this
Claim as though fully set forth herein.

35.     On April 24, 2015, Officer Katz intentionally caused and attempted to
cause, or otherwise recklessly caused, an unwanted touching of Claimant with the intent
to harm Claimant, causing injury to Claimant.

36.     Claimant did not consent to the touching.

37.     Upon information and belief, Officer Katz acted at the behest and
direction of Justice Kaplan.

38.     Officer Katz is not entitled to any immunity, qualified or otherwise.
Similarly, Justice Kaplan is not entitled to any immunity, qualified or otherwise.[1]

39.     As a proximate result of Officer Katz's actions, Claimant suffered
physical and emotional harm entitling him to damages in an amount to be determined at
trial.

## CLAIM II – FALSE ARREST/IMPRISONMENT

40.     Claimant re-alleges and incorporates by reference paragraphs 1 – 39 of
this Claim as though fully set forth herein.

---

[1] Justice Kaplan does not have absolute judicial immunity under *Stump v. Starkman*, 435 U.S. 349 (1978). Ordering and orchestrating an assault and false arrest/imprisonment has been held not to be a "judicial act" by courts throughout this country. *See, e.g., Gregory v. Thompson*, 500 F.2d 59, 65 (9th Cir. 1984) (judge's assault held not to be judicial act); *Ammons v. Baldwin*, 705 F.2d 1445, 1448 (5th Cir. 1983) ("[T]he threat of physical abuse is clearly not a normal judicial function"); *McCray v. Maryland*, 456 F.2d 1, 3-4 (4th Cir. 1972) (officials not exercising judicial discretion do not require protection of absolute judicial immunity for fear of "burdensome and vexatious litigation").

8

41. Officer Katz intended to unlawfully confine and did unlawfully confine Claimant.

42. Claimant was at all times conscious of the confinement and did not consent to the confinement.

43. The confinement was not otherwise privileged.

44. Upon information and belief, Officer Katz acted at the behest and direction of Justice Kaplan.

45. As a proximate result of the confinement, Claimant suffered harm entitling him to damages in an amount to be determined at trial.

## CLAIM III – CIVIL CONSPIRACY

46. Claimant re-alleges and incorporates by reference paragraphs 1 – 45 of this Claim as though fully set forth herein.

47. Justice Kaplan directed Officer Katz to harm Claimant and to falsely arrest/imprison him constituting an ongoing conspiracy, express or implied, that was conceived no later than April 24, 2015.

48. Based on Justice Kaplan's actions in the courtroom, Officer Katz began his assault on, and unlawful confinement of, Claimant only upon an apparent direction and signal from Justice Kaplan. At all times Justice Kaplan and Officer Katz acted in concert in carrying out the assault and unlawful confinement. Both Justice Kaplan and Officer Katz have, to varying degrees, participated in planning and carrying out the objectives of the conspiracy, but both are nevertheless liable for the concerted action of their fellow co-conspirator.

9

49.     The objective of the conspiracy was to commit assault and battery and to falsely arrest/imprison Claimant.

50.     In furtherance of this conspiracy, Justice Kaplan and Officer Katz undertook actions constituting civil conspiracy to commit the common law torts of assault and battery and false arrest/imprisonment by physically attacking and unlawfully confining Claimant as described in the preceding paragraphs.

51.     As a proximate result of this conspiracy, Claimant suffered the physical and emotional harm set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Claimant Anthony Zappin respectfully prays that this Court:

(a)     Enter judgment in favor of Claimant against Defendant;

(b)     Enter judgment awarding Claimant compensatory damages on all counts herein to compensate Claimant for Defendant's activity complained of herein and for any injury complained of herein, inclusive of interest and cost, in an amount to be determined at trial;

(c)     Enter judgment awarding Claimant his fees and costs reasonably incurred in this action as allowed by applicable state law; and

(d)     Order such other relief that the Court deems just and reasonable.

10

Dated: New York, New York
      April 30, 2015

By:                    
                    ANTHONY ZAPPIN
                    194 W. 10th Street, Apt. D1
                    New York, NY 10014
                    (304) 654-6195 (tel.)
                    (646) 365-3424 (fax)
                    anthony.zappin@gmail.com
                    *Claimant, Pro Se*

11

VERIFICATION

STATE OF NEW YORK      )
                       ss:
COUNTY OF NEW YORK  )

Anthony Zappin, being duly sworn, deposes and says that deponent is the Claimant in the within action; that deponent has read the foregoing Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

ANTHONY ZAPPIN

Sworn to before me this
30th day of April, 2015

Notary Public

SYLVIA A. BELARDO
Notary Public, State of New York
No. 01BE6015783
Qualified in New York County
Commission Expires November 9, 20__

12

# EXHIBIT A









# EXHIBIT B

| IAS Date | Index # | Plaintiff | Mots. | Open Date | Appearance Type | Case Status | Assigned Justice | |
|----------|---------|-----------|-------|-----------|-----------------|-------------|------------------|---|
| 4/28/2015 | 3038252014 | ALLEN, CARL J. | | | MOTION 44 | Disposed | DEBORAH ANN | KAPLAN |
| 4/29/2015 | 3089702008 | LACAVA, TYRONE J | | | MOTION 44 | Disposed | DEBORAH ANN | KAPLAN |
| 5/1/2015 | 3500952014 | JONES, LISA MONIQUE | | | | Active | DEBORAH ANN | KAPLAN |
| 5/21/2015 | 3143391993 | CHAIT, MICHAEL | Y | 7/1/2015 | MOTION 9 | Disposed, Motion Pı | LORI S. | SATTLER |
| 5/22/2015 | 3143032013 | COON, ANDREW J. | Y | 6/17/2015 | STATUS CONFERENCE 14 | Active | DOUGLAS E. | HOFFMAN |
| 5/22/2015 | 3098392013 | EARLY, ETHAN | | 9/24/2015 | STATUS CONFERENCE 24 | Active | ELLEN FRANCE | GESMER |
| 5/22/2015 | 3093672012 | KARG, NATHALIE | Y | 7/15/2015 | STATUS CONFERENCE 9 | Active | LORI S. | SATTLER |
| 5/22/2015 | 1508842014 | KERN, ANTON | | 7/15/2015 | STATUS CONFERENCE 9 | Active | LORI S. | SATTLER |
| 5/22/2015 | 3087422013 | LEVEY, HUGH W. | Y | 1/1/2015 | MOTION 31 | Active | LAURA E. | DRAGER |
| 5/22/2015 | 3500012015 | PEAKE, CARLYLE T. | | 9/9/2015 | COMPLIANCE CONFERENCE 14 | Active | DOUGLAS E. | HOFFMAN |
| 5/22/2015 | 3500752014 | ZAPPIN, ANTHONY | | 6/10/2015 | STATUS CONFERENCE 51 | Active | MATTHEW F. | COOPER |
| 5/22/2015 | 3015682014 | ZAPPIN, ANTHONY | | 10/2/2015 | PRE-TRIAL 51 | Restored | MATTHEW F. | COOPER |
| 5/26/2015 | 3127572014 | ABDULLA, NOOR HUSSEIN | | 10/1/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3500352012 | ABRAMSON, ROBERT | | 10/15/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3029362015 | ADAMS JR., GEORGE B. | Y | | MOTION 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3135182014 | ALEXANDER, REIKA | Y | 10/7/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3130732014 | ALI, SYED REZWAN | Y | | MOTION 44 | Disposed, Motion Pı | FRANK P. | NERVO |
| 5/26/2015 | 3035402014 | ARRITTO, MARJORIE K. | Y | 9/10/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3098502013 | BALUYUT, JAMES | | 9/17/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3147762014 | BEEN, NATHANIEL | | 9/17/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3113452014 | BEVERLY, BRENDA | | 9/10/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3120852013 | BORNANT, CAROLINE | Y | 7/21/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3103542013 | BRETILLOT, AUDREY | | 11/19/2015 | PRE-TRIAL 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3036822013 | BROWN, JENNIFER | Y | 9/8/2015 | PRE-TRIAL 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3024152015 | BROWN, PATRICIA | Y | 11/5/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3071612013 | BURNS, RICHARD | | 10/8/2015 | PRELIMINARY CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3045682015 | CABBLE, VICKIE | Y | | PRELIMINARY CONFERENCE 44 | Disposed | FRANK P. | NERVO |
| 5/26/2015 | 3105772013 | CASTRO, RICHARD | | 9/17/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3143652012 | CHALFIN, ALLISON | Y | 11/10/2015 | PRE-TRIAL 44 | Active | FRANK P. | NERVO |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 5/26/2015 | 3127342013 | CHAN, HELEN | | 6/11/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3105922014 | CHINUNGO, CAROLINE | Y | 9/16/2015 | PRE-TRIAL 20 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3081832013 | COE, MIHEE | | 9/16/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3018342014 | COHEN, BARRY J. | | 9/9/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3156842014 | COHEN, JERI | Y | 10/15/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3004942015 | COSTANZO, ROBERTO | | 9/30/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3145872013 | DEUTERMANN, ALLISON | | | COMPLIANCE CONFERENCE 44 | Disposed | FRANK P. | NERVO |
| 5/26/2015 | 3123032012 | DRZAL, DAWN | Y | 10/1/2015 | PRE-TRIAL 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3111622014 | EARLE, STEPHEN F. | | | COMPLIANCE CONFERENCE 44 | Disposed | FRANK P. | NERVO |
| 5/26/2015 | 3500722014 | ELLIOTT, ANDREA | | 9/16/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3136932013 | FELDMAN, BARBARA | | 11/12/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3146702012 | FERDINAND, STEVEN | | 9/24/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3120792014 | FERNANDEZ, NATALIA CIAN | | 10/15/2015 | PRELIMINARY CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3012732014 | FLATTMANN, CATHERINE WHI | | 9/30/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3144502014 | FONTANA, JACQUELINE | | 9/25/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3047292015 | FOSTER, PAUL ALEXANDER | | | MOTION 44 | Disposed | FRANK P. | NERVO |
| 5/26/2015 | 3117692011 | GANIK, ADDIE SHERBANY | Y | 6/30/2015 | PART 88 REFERENCE | Active | FRANK P. | NERVO |
| 5/26/2015 | 3008452014 | GOLDBERG, FREDDA | | 9/16/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3072442014 | GOMES, MARISE | | | PRELIMINARY CONFERENCE 20 | Disposed | FRANK P. | NERVO |
| 5/26/2015 | 3099962012 | GROSS, LEON | | 10/28/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3129072013 | HASSAN, YASMEEN | | 9/28/2015 | PRE-TRIAL 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3024502014 | HEDGE, IAN | | 9/24/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3023152013 | HERNANDEZ, MARIA GUADALIY | | 9/17/2015 | MOTION 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3030932014 | HERSKOVITZ, KEIKO | | 12/17/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3017242015 | IFRAH, DANIEL | | | MOTION 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3129482013 | IVERSON, ANNEMARIE | Y | 9/14/2015 | TRIAL READY 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3058902013 | KESSLER, HOLLIS | | 9/17/2015 | TRIAL READY 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3157512014 | KUPER, MARTIN | | 11/19/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3013942015 | LEE, SOUYUN | Y | 10/29/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3046772013 | LESCHINS, EILEEN | Y | 10/5/2015 | TRIAL READY 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3014332015 | LEVIN, CAROL N. | Y | 9/9/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3009782013 | LEVITIN, ROBIN LANDOW | Y | 11/19/2015 | PRE-TRIAL 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3500842014 | LIDES, APRIL | | 10/22/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3031022014 | LOLI, IVANA S. | Y | 4/2/2014 | UMAT 82 | Active | FRANK P. | NERVO |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 5/26/2015 | 3111892012 | LUBIN, NATASHA | | 10/22/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3022512015 | LUX-FRAYBE, SUSANNE | | 9/23/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3003822014 | MACK, CHARLES | | 11/13/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3162972011 | MARTIN, ROGER A. | | 11/12/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3147312013 | MBAGOYI, CHRISTIAN | Y | 9/10/2015 | CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3097542014 | MCFADDEN, BETTIE | | 9/24/2015 | CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3121352013 | MCRAE, KATHRYN | Y | 9/10/2015 | PRE-TRIAL 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3065932014 | MILLER, JERRY | | 9/8/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3147442013 | MIYAZAKI-ENGLISH, YOKO | | 9/16/2015 | COMPLIANCE CONFERENCE 20 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3074892013 | MODELL, LAURIE ALEXANDRA | | 9/28/2015 | TRIAL READY 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3036612014 | MONNIG, LORE | | 9/9/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3014272013 | NARAINE, KISHORE | | 10/22/2015 | PRELIMINARY CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3026172014 | NDOUR, JOANNE | | 9/10/2015 | PRELIMINARY CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3126072011 | OLDENBURG, CHRISTOPHER | Y | 9/24/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3125622014 | PATINO, ALEX JUNIOR | | 9/9/2015 | PRELIMINARY CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3120002013 | PAUL, WAVENEY E. | | 9/10/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3091212013 | PEREZ, ELIZABETH | | | MOTION 44 | Disposed | FRANK P. | NERVO |
| 5/26/2015 | 3006102015 | PHILLIPS, DOLORES | | 9/16/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3137952013 | QUINN, CAROLINA | | 9/21/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3104092014 | RAFILOV, ABO | Y | 9/24/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3142422014 | RAFIY, SARI GABAY | | 10/14/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3139752014 | REESE, KIMBERLY A. | Y | 9/16/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3098922013 | RICCIARDI, CYNTHIA | | 9/25/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3101192014 | RICHMOND, TANYA | Y | 9/10/2015 | PRELIMINARY CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3074782012 | RODRIGUEZ, JOSE MARIA | | | MOTION 44 | Disposed | FRANK P. | NERVO |
| 5/26/2015 | 3124682013 | ROGIN, SETH | Y | 9/17/2015 | MOTION 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3139002014 | SALE, JONATHAN | Y | 10/1/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3024692014 | SCHACKETT, PATTI | Y | 9/30/2015 | TRIAL READY 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3500802014 | SCHIFFRIN, JAVIER | | 9/10/2015 | PRELIMINARY CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3141902014 | SCHWYZER, GEORGE | | 10/29/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3015712013 | SEDLIS, DANIEL | Y | 9/9/2015 | PRE-TRIAL 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3152882014 | SHAPIR, DEBORAH ANN | | | STATUS CONFERENCE 44 | Disposed | FRANK P. | NERVO |
| 5/26/2015 | 3006682015 | SINZ, CARLA | | 10/1/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3017992015 | SOHN, MEE | | 9/24/2015 | PRELIMINARY CONFERENCE 44 | Active | FRANK P. | NERVO |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 5/26/2015 | 3100982013 | SOLASZ, RACHEL | Y | 9/18/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3108232012 | SOLTANPOUR, DAVID | Y | | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3008172015 | STAERK, ANN SOPHIE | | 9/10/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3071002013 | STEBBINGS, ROBERT Y. | | 9/18/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3118672013 | STOCKMYER, MATTHEW ALLE | | 11/19/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3034392013 | SUMMERS-HERMANN, TARA | | 9/23/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3112592012 | TABAK, SUSAN | Y | 9/11/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3125292014 | TROCK, JASON | | 9/16/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3126782014 | TURRET, DAVID | Y | 9/30/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3098062014 | VALENTINE, JOSEPH | Y | 9/30/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3041592014 | VAN PRAAG-INBAR, ANOEK | | 9/10/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3118342014 | VOLCY, ZACHEE | | 9/17/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3118272014 | WEBB, FREDERICK | | 9/18/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3130302014 | WEINER, LAURIE | Y | 10/1/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3058172014 | WILLIAMS, MICHELLE LEE | | 9/23/2015 | STATUS CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3120692013 | WOWCZKO, NATALIA | | 9/24/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3155972014 | ZAMULINSKY, TAMMY | | 10/1/2015 | COMPLIANCE CONFERENCE 44 | Active | FRANK P. | NERVO |
| 5/26/2015 | 3007342015 | ZINYAMA, LENAH | Y | 9/10/2015 | COMPLIANCE CONFERENCE 36 | Active | FRANK P. | NERVO |
| 5/27/2015 | 3501182009 | DEROSSI, RUGGERO | | | STATUS CONFERENCE 9 | Disposed | LORI S. | SATTLER |
| 5/29/2015 | 3089542001 | HUNT, HAROLD | Y | | MOTION 44 | Disposed, Motion P( | FRANK P. | NERVO |
| 5/29/2015 | 3012782013 | JERSOVAS, VLADIMIRAS | Y | 9/17/2015 | MOTION 44 | Disposed, Motion P( | FRANK P. | NERVO |
| 5/29/2015 | 617211985 | ROSENKRANTZ, LESTER | Y | 3/6/1989 | MOTION 12 | Disposed, Motion P( | FRANK P. | NERVO |
| 5/29/2015 | 3076012012 | RUIZ, DEYANIRA | | | MOTION 9 | Active | LORI S. | SATTLER |
| 5/29/2015 | 3044472009 | SONKIN, STACY | Y | 9/30/2015 | MOTION 9 | Disposed, Motion P( | LORI S. | SATTLER |
| 5/29/2015 | 1016262008 | STEVENS, AMY | | | PART 82 REFERENCE | Disposed | LORI S. | SATTLER |