# EXHIBIT 14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
                                              :

ANTHONY ZAPPIN,                                    :

                            Plaintiff,              :        Index No. 301568/14

                                                :

                 - against -               :

CLAIRE COMFORT                        :        **AFFIRMATION IN OPPOSITION**

                                              :

                            Defendant.            :

                                              :
-------------------------------------------------------------------X

      ROBERT M. WALLACK, an attorney duly admitted to practice before the courts of this State, hereby affirms the following to be true under penalty of perjury:

      1.      I am the founding partner of The Wallack Firm, P.C., attorneys for Defendant, CLAIRE COMFORT, in the above-entitled proceedings, and I am fully familiar with the facts and circumstances stated herein.  I submit this Affirmation in opposition to plaintiff's motion to compel production, impose sanctions on defendant, for an order to show cause why defendant should not be held in contempt, along with other ridiculous and asinine relief.

      2.      If plaintiff wanted defendant's document production earlier, he shouldn't have wasted two months of everyone's time and money by filing a Notice of Discontinuance (only to later withdraw it).  It's beyond preposterous, and the height of hypocrisy, for plaintiff to try to blame defendant for any delay, considering his own actions in this litigation.  He should be barred from even uttering such contrived 'complaints.'

      3.      The documents that plaintiff requested have since been produced by defendant.

Indeed, when we received plaintiff's withdrawal of his "Notice of Discontinuance" dated November 14, 2014, we promptly sent documents responsive to plaintiff's Notice for Discovery and Inspection immediately following the Thanksgiving holiday.   An index of defendant's production is attached hereto as Exhibit A.  This should certainly quiet any further discussion of the matter.

4.      As far as plaintiff's other requests for relief, including sanctions on defendant and me, the entering of orders "requiring Ms. Comfort to show cause why she should not be held in contempt,"...blah...blah...blah, frivolous does not even begin to describe them – I suspect this is precisely why plaintiff moved via notice of motion, rather than by order to show cause, since I cannot imagine this Court would have been inclined to sign it. I, for one, am sorry I had to waste my time reading such drivel.  Suffice it to say, defendant opposes each and every one of plaintiff's arguments and associated requests for relief.  They are all meritless.

5.      Mr. Zappin – please, for the sake of the Court and everyone involved, just pipe down. It's really enough already.

## CONCLUSION

6.      For the reasons set forth above, it is respectfully submitted that plaintiff's motion should be denied in its entirety.

Dated: New York, New York
            December 10, 2014

ROBERT M. WALLACK

At the Matrimonial Term, Part 20, of the
Supreme Court of the State of New York,
held in and for the County of New York,
at the Courthouse thereof, 60 Centre
Street, New York, New York, on the 4th
day of September, 2014

PRESENT:  HON. DEBORAH A. KAPLAN

------------------------------------------------------------------X

ANTHONY ZAPPIN,

                              Plaintiff,

          -- against --

CLAIRE COMFORT,

                              Defendant.

------------------------------------------------------------------X

**SUBPOENA  DUCES
TECUM**
Index No. 301568/14

THE PEOPLE OF THE STATE OF NEW YORK

TO:    Claire Comfort
       c/o Robert M. Wallack, Esq.
       The Wallack Firm, P.C.
       777 Third Avenue, 21st Floor
       New York, NY 10017

**YOU ARE HEREBY COMMANDED**, that all business and excuses be laid aside, to

appear and attend before this Court at IAS Part 20, Hon. Deborah A. Kaplan assigned, Room 540

of the Courthouse located at 60 Centre Street, New York, NY, on September 15, 2014 at 9:30

'clock in the forenoon, and at any recessed or adjourned dates, to give testimony in this action.

**YOUR ARE FURTHER COMMANDED** to produce the documents listed on

Attachment A, which is annexed hereto, by forwarding the aforesaid documents on or before

September 15, 2014, to this Court at IAS Part 20, Hon. Deborah A. Kaplan assigned, Room 540 of the Courthouse located at 60 Centre Street, New York, NY.

In lieu of your personal appearance, you may satisfy the obligations in this subpoena by forwarding the documents requested in Attachment A to this Court at IAS Part 20, Hon. Deborah A. Kaplan assigned, Room 540 of the Courthouse located at 60 Centre Street, New York, NY by September 15, 2014.

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed one hundred and fifty dollars and all damages sustained by reason of your failure to comply.

ENTER:

HON. DEBORAH A. KAPLAN
J.S.C.

**Deborah A. Kaplan**
**J.S.C.**

ATTACHMENT A

(to the Subpoena Duces Tecum issued to Defendant Claire Comfort in connection with the
hearing ordered by this Court for September 15, 2014 in the matrimonial action *Anthony Zappin
v. Claire Comfort*, Index No. 301568/14, in the Supreme Court of the State of New York, County
of New York, IAS Part 20)

Pursuant to the attached Subpoena, you are required to produce the following items:

### Definitions

a.      "Document" includes, without limitation, all written, typed or recorded material or thing

of any nature whatsoever, including but not limited to electronic, electromagnetic or digital

recordings, or computerized data compilations, such as emails, facsimile correspondence, notes,

memoranda, and summary reports, in the possession, custody or control of Defendant Claire

Comfort or Defendant Claire Comfort's present or former attorneys, agents, representatives,

other persons acting or purporting to act on her behalf.   "Document" also includes any document

affixed to or attached to any document otherwise responsive to this request, all drafts, and all

non-identical copies regardless of origin or location.

b.      The term "communication" includes, without limitation, the transmittal of thoughts or

ideas in oral, written, electronic, or any other form.

c.      "Including" means "including without limitation."

d.      The term "person" includes, without limitation, natural persons, corporations, public

corporations, governments, governmental agencies, boards, commissions, regulatory authorities,

committees, partnerships, joint ventures, groups, firms, associations, or other organizations.

e.      "You" or "Your" means Defendant Claire Comfort and any other person acting or

purporting to act under the authority or on behalf of Defendant Claire Comfort.

f.      "Reid Zappin" or "Reid" means Reid Comfort Zappin, the minor-child of Plaintiff

Anthony Zappin and Defendant Claire Comfort, DOB 10/06/13.

g.      A document, communication or correspondence "relating to" a given subject matter

means that it concerns, constitutes, contains, embodies, comprises, reflects, identifies, states,

refers to, deals with, comments on, responds to, describes or analyzes that subject, including

documents, communications or correspondence concerning the contents of other documents,

communications or correspondence.

h.      The connective "and" and "or" shall be construed either conjunctively or disjunctively as

necessary to bring within the scope of these requests all responses that might otherwise be

construed to he outside of its scope.

### Documents to he Produced for the September 15, 2014 Hearing

1.      All documents and original photographs taken of You between October 1, 2013 and

Novemher 20, 2013, including but not limited to:

      a.      the photographs affixed to Your Petition for Order of Protection filed on

      November 14, 2013 in Superior Court for Pierce County, WA, Civil Case No. 13-2-

      04105-2;

      b.      the photographs of You purportedly taken by Wendy Comfort on November 10,

      2013 provided by You to the Court-appointed neutral forensic custody evaluator Dr. Alan

      Ravitz in May and/or June 2014;

      c.      the photographs taken of You and/or Reid Zappin by Wendy Comfort between

      October 10, 2013 and October 13, 2013 in Your possession, custody or control; and

      d.      the photographs taken of You and/or Reid Zappin by Cathleen Doyle or Justine

      Wine on or ahout October 28, 2013 in Your possession, custody or control.

2.      All documents containing or relating to the metadata, including but not limited to the EXIF file, of any photograph provided pursuant to Request No. 1.

3.      All non-privileged documents and communications in Your possession, custody or control relating to Reid Zappin from October 6, 2013 to present, including but not limited to, any and all medical records for Reid Zappin.

4.      All documents relating to Your medical care between October 1, 2013 and November 30, 2013.

5.      All documents, communications and records relating to Your mental health care, including but not limited to, all therapy and/or mental health documents, records or notes from October 1, 2013 to present.

6.      All non-privileged documents and communications created, exchanged, sent or received by You between October 1, 2013 and November 14, 2013 relating to any domestic abuse allegedly suffered by You during such time period, including but not limited to, any domestic abused allegedly suffered by You as described in Your Affidavit submitted to the Court on August 4, 2014.

7.      All documents relating to any financial transaction by You between October 1, 2013 and November 14, 2013, including but not limited to, Your Chase British Airways Credit Card Statements and TDBank Checking Account Statements for October and November 2013.