# EXHIBIT 15

02/18/2011 17:45 FAX  2123748921     HON D KAPLAN                        ☏002/014

**Supreme Court
of the
State of New York**

HON. DEBORAH A. KAPLAN

NEW YORK COUNTY COURTHOUSE
60 CENTRE STREET
NEW YORK, NY 10007-1474

February 8, 2011

Robert Wallack, Esq.
The Wallack Firm
444 Madison Avenue
New York, NY 10016

Eric Wrubel, Esq.
McLaughlin & Stern
260 Madison Avenue, 18th Floor
New York, NY 10016

Virginia LoPreto, Esq.
420 Lexington Avenue, Suite 2808
New York, NY 10170

> Re: Nacos v. Nacos
> Index No.: 306730/2010

Dear Mr. Wallack, Mr. Wrubel and Ms. LoPreto

    The Court is in receipt of Mr. Wallack's letter, dated February 2, 2011 and Mr. Wrubel's response, concerning the above matter. Although counsel have been repeatedly instructed, in the past, that the Court does not accept *ex parte* communications, and have received copies of the Part Rules, Mr. Wallack continues to send numerous letters to the Court. And while the Court usually holds a conference call in response, this recent letter contains so many unsubstantiated claims, and omits salient facts about the proceedings, the Court is responding by letter to all three of you.

    Immediately following the Preliminary Conference on July 21, 2010, Mr. Wallack began a letter writing campaign to the Court choosing to litigate improperly by letter. These letters contained substantive legal issues and were not a proper legal application. Although not required, the Court responded to each letter by arranging a conference with the attorneys for all parties to address the issues raised. Despite these efforts at resolution Mr. Wallack only increased the

volume of mail and raised the level of hyperbole. On October 18, 2010 he was again told that no letters were to be submitted by any party absent an emergency.

With regard to the motion practice in this matter, it was Mr. Wallack's improper restraint of Mr. Nacos' bank accounts, achieved by sending misleading letters to numerous financial institutions informing them that the Court had issued restraints prohibiting release of any funds to Mr. Nacos, when it had not, that generated the first series of motions. This was simply a fabrication by Mr. Wallack. The automatic stays now found in all matrimonial cases control the behavior of the litigants, not financial institutions. Despite the Husband's motion for sanctions against Mr. Wallack for these intentional acts, the parties agreed, at a conference, if he would send letters to the banks apologizing and withdrawing his inaccurate claims, the motion would be withdrawn.

However, despite this resolution, the improper behavior continued as Mr. Wallack chose to repeatedly disregard agreements, orders and directives. This is evidenced when following the November 10, 2010, regularly scheduled conference, where the Court instructed Mr. Wallack not to interfere with Ms. LoPreto's (the attorney for the children jointly selected by the parties) ability to meet with her clients, he directed the Wife not to allow the meeting.

In fact, as recently as January 18, 2011, Mr. Wallack continued to obstruct the Court's order of appointment and impeded Ms. LoPreto's attempts to see her clients. This necessitated yet another conference call with the Court.

With regard to the pending *pendente lite* motion, all sides were advised on November 10, 2010 that all the pending applications were consolidated for decision and a final briefing schedule was set. It was Mr. Wallack's improper inclusion of a sensitive and perhaps privileged report from the Administration for Children's Services, which is not a party to this action, in his Reply, which caused both defendant's counsel, and the children's attorney to seek the Court's permission to respond by sur-reply. These papers were filed on December 20, 2010. It was at this point the motions were deemed fully submitted to this court.

However, it was only upon receipt of yet another cross-motion seeking counsel fees, filed by Mr. Wallack, and receipt of a letter indicating Mr. Nacos was detained in London on business, the most recent Court appearance was adjourned and a briefing schedule was set to allow the other parties to respond. As one party could not appear and the application was not fully submitted, the Court adjourned the conference for a month to avoid the parties incurring additional fees.

Lastly, Ms. Nacos is currently receiving $40,000 per month in support pursuant to an order of the London High Court. This order remains extant and has been paid by Mr. Nacos. Mr. Wrubel's letter of February 3, 2011 states that his client has also paid the school tuitions and is complying with all discovery requests.

02/18/2011 17:46 FAX  2123746321          HON D KAPLAN                    ☒004/014

In order to expedite this matter, the Court has severed that portion of the submitted motions concerning *pendente lite* financial relief and enclosed a copy of the decision.

Very truly yours,

Deborah A. Kaplan