# EXHIBIT 17

1759

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK : CIVIL TERM : PART 51

------------------------------------------------X

ANTHONY ZAPPIN

                Plaintiff

      - against -          Index Number
                                301568/2014

CLAIRE COMFORT

                Defendant

------------------------------------------------X

         60 Centre Street
         New York, New York

         December 3, 2015

B E F O R E :

        HONORABLE MATTHEW F. COOPER, Justice

A P P E A R A N C E S :

Attorneys for Plaintiff:

        ANTHONY ZAPPIN, Pro Se

        DAVID SCHORR, ESQ., Co-Counsel
        275 Madison Avenue - 14th Floor
        New York, New York 10011, ESQ.

Attorneys for Defendant:

        THE WALLACK FIRM, P.C.
        777 Third Avenue
        New York, New York 10017
        By:  ROBERT M. WALLACK, ESQ.
             MICHAEL BELMONT, ESQ.

          - continued -

dw

1760

Attorneys for the Child:
    COHEN RABIN STINE SCHUMANN, LLP
    11 Times Square - 10th Floor
    New York, New York 10036
    BY:  HARRIET NEWMAN COHEN, ESQ.
         PAUL C. KURLAND, ESQ.

DENISE WILLIAMS, RPR
CAROLYN BARNA,
Official Court Reporters

dw

1797

```
 1              Zappin - Voir Dire - Mr. Schorr
 2          MR. SCHORR:  Hold on a second.
 3          THE COURT:  I do not see how -- go to the
 4     next question.
 5          MR. SCHORR:  Fair enough.
 6     Q.   Your mother was on the call; in other words, you
 7     heard things take place during that call that are not
 8     reflected on the FaceTime calls; is that correct?
 9     A.   Yes.  My mother heard it and there is an
10     affidavit.
11     Q.   Could you tell the Court what those various
12     things are?  I know you have mentioned them a little.
13     Why don't you mention them, more of the things that
14     actually took place during these calls that are not
15     reflected?
16          MR. WALLACK:  Your Honor, if this did
17     happen, which it didn't, but if it did, it would go
18     to weight, not to admissibility.
19          THE COURT:  You're right.
20          MR. SCHORR:  Not in terms of splicing.
21          THE COURT:  I can hear the tapes myself.
22          MR. SCHORR: Yourself.
23          THE COURT:  I have a witness up here who
24     will not admit it is himself.  He says it's a man
25     with a country boy accident.  If I had direct honest
26     questions I might be in a better position --
```

1798

```
 1          Zappin - Voir Dire - Mr. Schorr
 2          THE WITNESS:  I've already admitted to
 3   saying these things.
 4          THE COURT:  So why won't you admit that is
 5   your voice on the recordings?  Now you think it's
 6   cute to be able to answer the question-- is that you
 7   on the recordings or not?
 8          THE WITNESS:  Yeah, it's me.
 9          THE COURT:  Yeah?  I thought you said it
10   wasn't you?
11          THE WITNESS:  I didn't say it wasn't.
12          THE COURT:  You said someone purported to
13   be me?
14          THE WITNESS:  I've said multiple times said
15   I've said those things on the call.  I don't know
16   what you're trying to do.
17          THE COURT:  Very well.
18          He said those things on the call, that is
19   what they are coming in for.
20          MR. SCHORR:  One more thing.
21          THE COURT:  He said he said those things on
22   the calls.
23          MR. SCHORR:  There are things that were
24   also said not reflected.
25          THE COURT:  Then you can bring it on
26   redirect the rest of the call.
```

1799

```
 1              Zappin - Voir Dire - Mr. Schorr
 2              MR. SCHORR:  We don't have the calls.  We
 3      didn't make the recordings.
 4              THE COURT:  You can tell me what was said.
 5              It's coming in for what this witness has
 6      admitted he said on the calls.
 7              Mr. Wallack -- based on what the witness
 8      has stated, all the messages all come in for what
 9      Mr. Zappin, the plaintiff, says on the tape.  I will
10      disregard anything said by any other party.
11              THE WITNESS:  That's not right.
12              MR. SCHORR:  That's not good.
13              THE COURT:  That's what he wants.
14              THE WITNESS:  No.
15              MR. SCHORR:  No.  The problem is --
16              THE COURT:  Then I will take the whole call
17      in.
18              MR. SCHORR:  Permit me to say this and then
19      I will leave it to your Honor.  It would be the
20      equivalent of, let's say Mr. Belmont and I were in a
21      verbal dispute and it was being video taped and I
22      called Mr. Belmont everything in the book, then I
23      proceeded to punch, spit on him, et cetera, et
24      cetera.  And all of this was being videotaped, then
25      Mr. Belmont hit me back, cursed at me, and only that
26      part is released as video.  That's the problem I see
```

1800

1             Zappin - Cross - Mr. Wallack

2 here.

3        THE COURT: My sense is there's not any

4 other part. But I will hear testimony on redirect.

5        MR. WALLACK: Since the calls are now in

6 evidence, I would ask that this be marked.

7        THE COURT: The tape recorder, correct?

8        MR. WALLACK: We can transfer the calls

9 onto a CD or a flash drive so they can physically be

10 in evidence and the court can have them.

11        What I was going to do was I have a

12 demonstrative aid, a transcript, which I was going to

13 distribute since they are now in evidence and we can

14 follow along with the transcript.

15        THE COURT: This is what I will do. I will

16 take the transcripts in evidence. I will have one

17 side hear the tapes and if convinced the transcripts

18 are accurate then you will produce recordings on the

19 CD or flash drive.

20        MR. SCHORR: Are the transcripts certified

21 by anybody?

22        MR. WALLACK: No. The transcript is a

23 demonstrative aid for us to use.

24        THE COURT: So you're not putting in the

25 transcript itself.

26        MR. WALLACK: Just the calls itself.