```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
ANTHONY ZAPPIN,                                         :
                                                        :
                                     Plaintiff,         :       16 Civ. 5985 (KPF)
                                                        :
                       v.                               :       OPINION AND ORDER
                                                        :
MATTHEW F. COOPER, in his individual                    :
and personal capacity,                                  :
                                                        :
                                     Defendant.         :
                                                        :
-------------------------------------------------------X
```

KATHERINE POLK FAILLA, District Judge:

On February 2, 2018, the Court issued an Opinion and Order granting Defendant's motion to dismiss. (Dkt. #57 ("Opinion")). *Zappin* v. *Cooper*, No. 16 Civ. 5985 (KPF), 2018 WL 708369 (S.D.N.Y. Feb. 2, 2018). On February 20, 2018, Plaintiff filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and for reconsideration, and on March 6, 2018, Defendant filed a brief opposing the motion. (Dkt. #59-62). On April 10, 2018, Plaintiff filed a letter asking the Court to hold his motion for reconsideration in abeyance to permit Plaintiff the opportunity to file a motion for recusal. (Dkt. #63). Plaintiff stated he "intend[ed] to bring the motion [for recusal] on or before Friday, April 13, 2018." (*Id.*). The Court granted the application. (Dkt. #64).

The Court did not receive Plaintiff's motion on April 13, 2018, and so on April 19, 2018, the Court issued an order stating that it would "rule on Plaintiff's motion for reconsideration if it does not receive Plaintiff's recusal

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 18, 2018

motion by May 4, 2018." (Dkt. #66). To date, Plaintiff has not filed a motion asking for the Court to recuse itself from this case, and thus the Court issues the following opinion and order on Plaintiff's motion for reconsideration. For the reasons that follow, Plaintiff's motion is denied.

**A.     Legal Standard**

Plaintiff's burden is not a light one: Motions for reconsideration are to be denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is appropriate only where the movant "identifies [i] an intervening change of controlling law, [ii] the availability of new evidence, or [iii] the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted); *de los Santos* v. *Fingerson*, No. 97 Civ. 3972 (MBM), 1998 WL 7887781, at *1 (S.D.N.Y. Nov. 12, 1998) ("[T]he proponent of a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings."). Motions to alter or amend a judgment under Rule 59(e) are assessed under the same standard as a motion for reconsideration under Local Rule 6.3. *Schwartz* v. *HSBC Bank USA, N.A.*, No. 14 Civ. 9525 (KPF), 2017 WL 2634180, at *2 (S.D.N.Y. June 19, 2017).

### B.     Plaintiff's Motion Is Denied

Plaintiff's motion fails insofar as it raises arguments considered and rejected by the Court in its February 2, 2018 Opinion or new arguments not advanced in Plaintiff's opposition to Defendant's motion to dismiss. Defendant's motion to dismiss argued that Plaintiff's defamation claim failed because it was premised on the inaccuracy of findings made in Defendant's September 18, 2015 decision imposing sanctions on Plaintiff in Plaintiff's matrimonial case in the New York State Supreme Court ("Matrimonial Action"), *Zappin* v. *Comfort*, 26 N.Y.S.3d 217 (Table), 2015 WL 5511519 (Sup. Ct. Sept. 18, 2015) ("Sanctions Decision"), that had already been litigated and decided in the trial court (Dkt. #42 ("Def. MTD") 17-20).  Plaintiff argued in opposition that "[c]ollateral estoppel cannot be applied in this case because Plaintiff had no opportunity to be heard on several of Justice Cooper's factual determinations and statements as they were not raised in the briefing papers and never previously litigated before the state court," and, consequently, he did not have a full and fair opportunity to litigate the issues decided in the Sanctions Decision.  (Dkt. #46 ("Pl. MTD Opp.") 16).

The Court devoted 17 pages of its 51-page Opinion to Defendant's argument that collateral estoppel barred Plaintiff's claims and considered Plaintiff's arguments in opposition.  (Opinion 33-50).  *See also Zappin*, 2018 WL 7008369, at *14-22.  The Court held that Plaintiff's defamation claim was barred by collateral estoppel as the veracity of the allegedly defamatory

3

statements had been decided in the state court. *Zappin*, 2018 WL 7008369, at *19-22.

Now Plaintiff advances four bases on which the Court erred in its earlier decision: (i) the Court "overlooked the fact that" the Sanctions Decision's findings "were never 'actually litigated'"; (ii) the Court did not address Plaintiff's claims that he did not have a full and fair opportunity to defend against Defendant's defamatory allegations in the Matrimonial Action and did not have notice that sanctions could be imposed; (iii) the Court "wholly failed to take into consideration Defendant's egregious and outright deceitful conduct" in assessing whether Plaintiff had had a full and fair opportunity to litigate the Sanctions Decision; and (iv) the Court incorrectly dismissed Plaintiff's § 1983 claim. (Dkt. #60 ("Pl. Recon. Br.") 8-25).

The Court did none of these things. For starters, Plaintiff argued in opposition to Defendant's motion to dismiss that the factual findings underpinning the Sanctions Decision had not actually been litigated in either the trial court or the Appellate Division. (Pl. MTD Opp. 16-18). The Court's Opinion expressly addressed this argument and rejected it. *Zappin*, 2018 WL 7008369, at *17-19. Plaintiff now contends that the Court overlooked his argument that the issues in the Sanctions Decision were not identical to those in the case at bar. (Pl. Recon. Br. 9). The Court did not understand Plaintiff to raise this objection in his opposition brief. *See Zappin*, 2018 WL 7008369, at *17 ("It is perhaps for this reason that Plaintiff nowhere contests the *identity* of issues."). Plaintiff now claims that the Court failed to discern this objection

from his argument that the "alleged defamatory findings were not raised in the briefing papers and never previously litigated" in the Matrimonial Action. (Pl. Recon. Br. 9 (internal quotation marks and citations omitted)). In so doing, Plaintiff conflates two questions going to the collateral estoppel analysis — namely, whether the issues in the two litigations were identical and whether they were actually raised in the earlier proceeding. *See Indus. Risk Insurers* v. *Port Auth. of N.Y. & N.J.*, 493 F.3d 283, 287-88 (2d Cir. 2007). Plaintiff's opposition brief addressed the latter question, but not the former. (Pl. MTD Opp. 16-18). Even if Plaintiff had raised an objection to the identity of the issues, the Court would have rejected it for the reasons stated in its Opinion. *Zappin*, 2018 WL 708369, at *17. Plaintiff has not given the Court any reason to disturb its findings that (i) "[t]he identical nature of the two sets of factual issues is not in serious doubt; after all, Plaintiff's claims are predicated on the dissemination of those very factual determinations and their falsity" and (ii) these issues were actually decided in the state courts. *Id.* at *17-19.

Plaintiff contends that "the Court failed to squarely address Plaintiff's contention that he did not have a 'full and fair opportunity' to defend against Defendant's [d]efamatory [f]indings." (Pl. Recon. Br. 13). Not so. The Court's Opinion contained a six-page section titled: "Plaintiff Had a Full and Fair Opportunity to Litigate the Relevant Factual Determinations in the Divorce Action." *Zappin*, 2018 WL 708369, at *19-22. The Court considered and rejected Plaintiff's contention that he was denied a full and fair opportunity to litigate the Sanctions Decision. *Id.* The Court will not repeat that analysis

5

here. That Plaintiff disagrees with the Court's ultimate holding is no basis for reconsideration. Likewise, Plaintiff may not raise for the first time in his motion for reconsideration an argument that he was entitled to "particularized notice" of the fact-findings that Defendant intended to make in the Sanctions Decision. (Pl. Recon. Br. 19-20). *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, ... or otherwise taking a second bite at the apple.").

Next, Plaintiff argues that the Court overlooked Defendant's "egregious" conduct in its analysis of whether he received a full and fair opportunity to litigate the findings in the Sanctions Decision. (Pl. Recon. Br. 23-24). In particular, Plaintiff argues, as he did in his earlier briefing, that Defendant fabricated the findings in the Sanctions Decision. (*Id.* at 24). This argument did not persuade the Court the first time it was presented, nor does it now. This is merely an attempt to relitigate the facts giving rise to the Sanctions Decision — a task that Plaintiff properly, but unsuccessfully, took up on appeal before the First Department, but which he may not do in this action.

Finally, Plaintiff does not give the Court any reason to reconsider its dismissal of his denial of the right to a fair trial claim brought under 42 U.S.C. § 1983. Plaintiff's First Amended Complaint alleged that the Sanctions Decision generated negative press that prevented Plaintiff from receiving a fair trial in the Matrimonial Action. (Dkt. #26 ¶¶ 162-68). The Court dismissed this claim because it was "predicated in significant measure on the same issue

addressed in the collateral estoppel analysis …; namely that the contents of the Sanctions Decision were adjudicated to be not false or erroneous." *Zappin*, 2018 WL 7008369, at *22 n.14.  That is to say, the success of Plaintiff's § 1983 claim depended on the falsehood of the Sanctions Decision, and this is precisely what the Court found that Plaintiff was estopped from arguing in this litigation.

More problematic, as Defendant indicates in his brief opposing Plaintiff's reconsideration motion, a denial of the right to a fair trial claim, as it is conceived of in the Second Circuit, is meant to redress unfairness in criminal proceedings that may go before a jury, and not civil bench trials like the Matrimonial Action.  (Dkt. #62 at 7).  *See Jocks* v. *Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003) ("We have held that when a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." (internal quotation marks and citation omitted)); *Jovanovic* v. *City of N.Y.*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) ("A person suffers a constitutional violation if an [i] investigating official [ii] fabricates evidence [iii] that is likely to influence a jury's decision, [iv] forwards that information to prosecutors, and [v] the plaintiff suffers a deprivation of liberty as a result.").  Thus, Plaintiff's § 1983 claim fails.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated:  May 18, 2018
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge